# Ryall *v.* Pearson Brothers.

## *Detinue.*

(Decided April 21, 1910.   52 South. 333.)

1. *Trial; Pleading; Directing Verdict.*—The court is without power to direct a verdict for the defendant where its pleas are not supported by the evidence as to all their material averments.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Detinue by J. S. Ryall against Pearson Brothers. The court directed a verdict for the defendant, and the plaintiff appeals. Reversed and remanded.

I. I. CANTERBURY, for appellant. Counsel discusses the action of the court in giving the affirmative charge for the defendant, but cites no authority in support thereof.

J. M. MILLER and DeGRAFFENRIED & EVINS, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This was an action of detinue, brought by plaintiff against defendants. To the complaint the defendants pleaded the general issue and several special pleas, among which was plea No. 3, which was in words and figures as follows: "That the property alleged in said complaint to have been converted or taken by the defendants was, prior to the date of said alleged conversion or taking, impounded by one J. S. Trigg, who was, or claimed to be, a pound keeper in Spring Hill precinct, in Marengo county, Alabama; that said Trigg sold said property for alleged pound fees, and at said sale one T. M. Walston became the purchaser, and the same was delivered to him; that after said sale the plaintiff tendered to said Walston the amount paid by him at said sale for said property; that thereafter these defendants, knowing of said tender so made by said plaintiff to said Walston, and relying thereon as an admission by said plaintiff that said sale was valid and regular in all respects, and that said Walston was lawfully in possession of said property, with title thereto, and long after said tender was made,

[Ballard v. Cook ]

and while said Walston was in possession of said property, claiming the same as his own, to the knowledge of plaintiff, bought said property from said Walston. And defendants aver that said plaintiff is estopped, by reason of said facts above set out, from denying that said Walston was lawfully in possession of said property, with title thereto, and from denying that the title and possession of these defendants, obtained by them from said Walston, as above set out, is unlawful or invalid or unauthorized."

The court, at the request of defendants, gave the general affirmative charge in their favor as to this plea, which resulted in verdict and judgment for defendants. We are unable to find in this record proof sufficient to support all the material averments of this plea, and consequently hold that the trial court erred in the giving of this charge. Nor can we say that it was error without injury. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.